IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01992-MSK-CBS

BTU EMPIRE CORPORATION,

    Plaintiff,

v.

RAY BARKER and
BRAD BARKER,

    Defendants.

___

**OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**
___

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Alter or Amend Judgment **(# 68)**.

By Order **(# 65)** dated August 10, 2005, this Court remanded this action to the Colorado District Court for Moffat County, finding that the face of the Complaint and Notice of Removal did not supply sufficient evidence that the amount in controversy exceeded $ 75,000 so as to permit federal subject matter jurisdiction under 28 U.S.C. § 1332. That remand was carried out by the Clerk of the Court on August 16, 2005, when the Clerk of the Court transmitted the case file to the Clerk of the Court for the District Court for Moffat County.

On August 19, 2005, the Defendants filed the instant motion seeking reconsideration of the Court's remand. Specifically, the Defendants object to the fact that the Court did not conduct an evidentiary hearing, and attach numerous documents that they would have produced at such a hearing, all of which allegedly establish that the amount in controversy exceeds $ 75,000.

The motion is denied on several independent grounds. First, it contains no certification pursuant to D.C. Colo. L. Civ. R. 7.1(A). Second, once an remand order is issued and carried out, the federal courts lack jurisdiction to reconsider or review that order. *See e.g.* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . ."); *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) ("Because the district court's order to remand was based on the lack of subject matter jurisdiction, the court exceeded its power by reconsidering the second remand and vacating that order").

Third, the Defendants' contentions are without substantive merit. Whether the amount in controversy required by 28 U.S.C. § 1332 is satisfied is determined by examining the Complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290, 1291 n. 4 (10th Cir. 2001), *citing Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir.1995). The Court is aware of no authority (and the Defendants cite none) that permits it to overlook insufficient allegations of jurisdiction in the Complaint and Notice of Removal, yet turn to other sources such as an evidentiary hearing or

other filings to ascertain the amount in controversy. *See e.g. Laughlin*, 50 F.3d at 873 (remanding case where defendant raised facts establishing jurisdiction in its brief opposing a motion to remand, but "failed, however, to include any of these facts in its notice of removal"). That the Defendants have numerous documents that would suggest that the amount in controversy exceeds $ 75,000 merely highlights the inadequacy of their Notice of Removal, which failed to assert any of the facts contained within these documents, nor attach the documents themselves in support of the Defendants' otherwise conclusory assertion that the amount in controversy was satisfied. As the parties seeking removal, the Defendants bore the burden of establishing federal subject matter jurisdiction in their Notice of Removal. *Id.* Their failure to do so required remand of the action, despite the fact that sufficient facts were within their possession and a more thorough Notice of Removal might have survived.

Accordingly, the Defendants' Motion for Reconsideration **(# 68)** is **DENIED**.

Dated this 22nd day of August, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge